IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARINI TAZAMISHA STURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01891-E |
| | § | |
| THE KROGER COMPANY and KROGER SPECIALTY INFUSION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants The Kroger Company (Kroger) and Kroger Specialty Infusion (KSI)'s Motion to Dismiss Amended Complaint, which seeks to dismiss all of Plaintiff Marini Tazamisha Sturns's claims "based on Fifth Circuit law prohibiting the splitting of claims." (ECF No. 15 at 1). Sturns has responded, (ECF No. 18), and Defendants have replied, (ECF No. 21). For the reasons enumerated hereunder, the Court dismisses without prejudice all of Sturns's claims.

### I. BACKGROUND

**A. First Lawsuit and Extension Requests**

On September 28, 2021, Sturns filed a complaint in the Northern District of Texas—before Honorable Judge Lindsay—alleging employment-related claims against Kroger, KSI, and Ryan McGrath based on 42 U.S.C. §1981: (i) disparate treatment, (ii) hostile work environment, and (iii) unequal pay due to race. *Sturns v. The Kroger Co.*, No. 3:21-cv-02307-L, ECF No. 1 (N.D. Tex. filed Sept. 28, 2021). The Court refers generally to this *Sturns*, No. 3:21-cv-02307-L case as the "First Lawsuit." Judge Lindsay entered a scheduling order in the First Lawsuit, which set the

deadline for amended pleadings to May 2, 2022. *Sturns*, No. 3:21-cv-02307-L, ECF No. 13 at 2. After a first extension of amendment of pleadings to August 1, 2022—*Sturns*, No. 3:21-cv-02307-L, ECF No. 17—Sturns requested a second extension to file her first amended complaint on August 5, 2022. *Sturns*, No. 3:21-cv-02307-L, ECF No. 21. Judge Lindsay denied this second extension request. *Sturns*, No. 3:21-cv-02307-L, ECF No. 23.

On August 17, 2022, Sturns sought a third extension to file her first amended complaint. *Sturns*, No. 3:21-cv-02307-L, ECF No. 25.[1] This third extension motion states, *inter alia*:

> Ms. Sturns filed her initial Complaint on September 28, 2021. Plaintiff and Defendants The Kroger Company, Kroger Specialty Infusions, and Ryan McGrath ("Defendants") (collectively, "The Parties") submitted a scheduling order on November 29, 2021. The scheduling order set May 2, 2022 as the final day to amend pleadings. On November 9, 2021, Plaintiff submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"). **Plaintiff received a Right to Sue letter from the EEOC, dated May 28, 2022, to assert a Title VII claim. According to EEOC guidelines, Plaintiff has 90 days from May 28th to file a Complaint. Given the 90 days to file the Title VII claim, which is due on August 26, 2022, we respectfully ask the amended complaint also be due on August 26, 2022.**
>
> Plaintiff's cooperation and with opposing counsel's request for seven days to confer with their client has now brought Plaintiff seven days closer to the EEOC filing deadline on August 26. Defendants' counsel seems to believe they can dismiss a Title VII action filed in federal court if it is not amended here, but that is not supported by the law. **Having to file a separate action over the same facts would be an extreme waste of valuable judicial resources.** Defendants have, in no way, been prejudiced by this brief extension. Plaintiff has a viable Title VII claim and has until August 26 to file the claim in Court. **If the Title VII claim, which is based on exactly the same facts in this action, is not asserted in this action, a separate action with identical facts will need to be filed forthwith in this Court and would need to be marked as "related" to this action.**
> . . . .
> *Both the § 1981 and the Title VII claims involve the same parties and the same set of facts.* **A brief extension of time in no way results in prejudice to the Defendants[]**

---

[1] The Court notes Sturns labelled her extension request motions out-of-order as "first," "first," and "second." *See Sturns v. The Kroger Co.*, No. 3:21-cv-02307-L, ECF Nos. 16, 21, 25.

*Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 1-2 (emphasis added in bold and bolded italics).

### B. Second Lawsuit Filed and First Lawsuit Dismissed

On August 26, 2022, Sturns filed the instant case before this Court—alleging employment-related claims against Kroger, KSI, and McGrath based on Title VII and Texas Labor Code Chapter 21 (referred herein as the Texas Commission on Human Rights Act or "TCHRA"):[2] (i) hostile work environment due to race; (ii) hostile work environment due to gender; (iii) termination due to race; (iv) termination due to gender; and (v) intersectional discrimination based on race and sex. (ECF No. 1).[3] The Court refers to the instant proceeding as the "Second Lawsuit." As filed, Sturns failed to mark this Second Lawsuit as a case "related" to the First Lawsuit—despite Sturns's acknowledgment of this "related" case marking requirement in the First Lawsuit. (*See generally* ECF No. 1); *Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 2.

On October 13, 2022, Judge Lindsay entered an order in the First Lawsuit on Sturns's corresponding third extension motion. *Sturns*, No. 3:21-cv-02307-L, ECF No. 34. Pertinent to the instant proceeding, Judge Lindsay's October 13, 2022 order states:

> Plaintiff further asserts in conclusory fashion that Defendants will not be prejudiced by the amendment or requested extension because the new claims that she seeks to add are premised on the same facts as her currently pleaded cause of action against both Defendants for alleged violations of 42 U.S.C. § 1981. Plaintiff does not expound on the factual similarities between her current and new claims, and she does not specify the new Title VII claims that she seeks to assert. According to

---

[2] Like Title VII, the TCHRA serves to protect employees from their employers' unlawful actions. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001) (explaining that one of the TCHRA's purposes is to provide for the execution of the policies of Title VII.). The Texas Supreme Court has explained that claims asserted under the TCHRA should be analyzed in the same manner as its federal analogues. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) (citations omitted) ("Because one of the purposed of the TCHRA is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964,' we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA."); *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (noting the *McDonnell Douglas* burden shifting analysis applies to TCHRA disability discrimination cases); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (discussing disability discrimination under the TCHRA as parallel to the ADA).

[3] Although McGrath is not named in the style of this pleading, Sturns pleads McGrath as a defendant in this Second Lawsuit, throughout her Complaint and Amended Complaint. (ECF Nos. 1, 10).

> Plaintiff's Complaint (Doc. 1), her section 1981 claim is based on allegations of disparate treatment, hostile work environment, and unequal pay due to race. Because Plaintiff's Motion does not include a copy of her proposed amended pleading as required by Local Civil Rule 15.1(b), the court has no way of verifying her assertion that facts supporting her current section 1981 claim and any new unidentified Title VII claim(s) that she seeks to add are the same or substantially similar. Plaintiff also fails to address the importance of any such amendment.
>
> Finally, Plaintiff contends that, if she is not allowed to amend her pleadings before the EEOC 90-day deadline of August 26, 2022, she "will be forced to file a separate action to assert the Title VII claim," and this new action will "need to be marked as 'related' to this action." Pl.'s Mot. 2-3. From this, it appears that Plaintiff mistakenly believes that, regardless of whether the court denies her current Motion, these claims will eventually end up before the undersigned because of the related nature of the claims and any new case she files to assert them.
>
> ***The court is aware that Plaintiff filed a separate action on August 26, 2022, against the two Kroger Defendants.*** Local Civil Rule 42.1 and related Federal Rule of Civil Procedure 42 allow district courts to consolidate actions that are factually and legally related. Whether cases can or should be consolidated, however, is entirely discretionary. **Consolidation of the cases is not appropriate here, given Plaintiff's flouting of the court's scheduling order deadlines and the Federal Rules of Civil Procedure applicable to amendment of pleadings. Consolidation of the cases under the circumstances would amount to sanctioning an improper "end-run" by Plaintiff in this case around the court's orders and the Federal Rules of Civil Procedure.**
> . . . .
> **Moreover, although Plaintiff acknowledges in her Motion the need to notify or identify any new related case as "related," she again failed to comply with this district's local civil rules by not filing a Notice of Related Case as required by Local Civil Rule 3.3.** ***As a result, neither the undersigned nor the judge assigned to the new case was apprised of the related case when it was first filed on August 26, 2022.*** It is not clear whether Plaintiff's repeated failure to comply with this district's local civil rules is the result of contumacious conduct, inadvertence, or both. In any event, the court determines that her Motion (Doc. 25) should be and is hereby denied for failure to show good cause under Rule 16(b) and failure to comply with Local Civil Rule 15.1(b).

*Sturns*, No. 3:21-cv-02307-L, ECF No. 34 at 3-5 (emphasis added in bold and bold italics). Judge Lindsay dismissed the First Lawsuit without prejudice. *Sturns*, No. 3:21-cv-02307-L, ECF No. 34 at 6.

### C. Second Lawsuit Procedural History

In this Second Lawsuit, Sturns timely filed her Amended Complaint on November 1, 2022. Sturns's Amended Complaint asserts claims based on Title VII and the TCHRA: (i) hostile work environment due to race; (ii) hostile work environment due to gender; (iii) termination due to race; (iv) termination due to gender; and (v) intersectional discrimination due to race and sex. (ECF No. 10 at 15-22). Sturns's Amended Complaint further asserts claims based on 42 U.S.C. §1981: (i) hostile work environment; (ii) race discrimination; and (iii) retaliation. (ECF No. 10 at 22-24). Last, Sturns's Amended Complaint asserts a tortious interference with the right to contract. (ECF No. 10 at 24).

On November 23, 2022, Defendants moved to dismiss Sturns's Amended Complaint. (ECF No. 15). On December 21, 2022, Sturns responded to the motion to dismiss, which (i) attached several correspondences and (ii) voluntarily withdrew her tortious interference claim. (ECF No. 18).[4] On January 13, 2023, Defendants replied. (ECF No. 21). Having been fully briefed, Defendants' motion to dismiss is ripe for consideration.

### II. CLAIM SPLITTING

"Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit." *FDIC v. Nelson,* 19 F.3d 15, 1994 WL 93409, at *2 n. 5 (5th Cir. Mar.15, 1994) (per curiam) (unpublished table decision).[5] Adopted by the Fifth Circuit

---

[4] As withdrawn, the Court pretermits any further determination regarding Sturns's tortious interference with the right to contract claim.

[5] "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999) (citing *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.1997); *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985)). "The rule rests on principles of comity and sound judicial administration." *Cadle,* 174 F.3d at 603 (citing *Save Power Ltd.,* 121 F.3d at 950; *W. Gulf Maritime Ass'n,* 751 F.2d at 728). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n,* 751 F.2d at 729 (citations omitted). When faced with duplicative litigation, "[i]n addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may,

in *Super Van Inc. v. City of San Antonio,* 92 F.3d 366 (5th Cir. 1996), the rule against claim splitting

> prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. **In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim.**

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed. Appx. 256, 265 (4th Cir. 2008) (citations and internal quotations omitted) (emphasis added in bold); *Nelson,* 1994 WL 93409, at *2 n. 5 (holding that Fifth Circuit applies the "same transaction" test to determine whether a single claim has been split). "A main purpose behind the rule . . . is to protect the defendant from being harassed by repetitive actions based on the same claim." *Super Van Inc.,* 92 F.3d at 371.[6]

### III.   ANALYSIS

Defendants first assert the Court must dismiss Sturns's claims because she "filed this [S]econd [L]awsuit in an improper attempt to side-step the Court's procedures in the [First Lawsuit] for amending her complaint." (ECF No. 15 at 5). In response, Sturns asserts claim splitting has not occurred and summarily propounds that Defendants' argument is "bargain claim preclusion." (ECF No. 18 at 2-4). Indeed, Sturns avers that because Judge Lindsay dismissed the First Lawsuit "without prejudice," Sturns is not precluded from proceeding with her claims in this

---

for example, be appropriate to permit the court of first filing to rule on a motion to transfer." *W. Gulf Maritime Ass'n,* 751 F.2d at 729 n. 1.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.,* 121 F.3d at 950; *Cadle Co.,* 174 F.3d at 606 ("The 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.").

[6] "The rule against claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Off. v. Biden,* 71 F.4th 264, 269–70 (5th Cir. 2023).

Second Lawsuit. (ECF No. 18 at 3-4). "Claim preclusion" is not the determinative issue in this Second Lawsuit; instead, "claim splitting" is the determinative issue.

In *Ameritox, Limited v. Aegis Sciences Corporation*, a fellow court in the Northern District of Texas thoroughly addressed claim-splitting in a case involving the Lanham Act. No. CIV.A. 3:08-CV-1168-D, 2009 WL 305874, at *5 (N.D. Tex. Feb. 9, 2009). *Inter alia*, the *Ameritox* court explained:

> "**In dealing with simultaneous actions on related theories, courts at times express principles of 'claim splitting' that are similar to claim preclusion, but that do not require a prior judgment.**" 18 Charles Alan Wright, et al., *Federal Practice and Procedure* § 4406, at 30 (Supp. 2008); *see, e.g., Sensormatic,* 273 Fed. Appx. at 265 (affirming dismissal based on claim-splitting even where there was no final judgment in earlier action); *Oxbow Energy,* 686 F.Supp. at 282 (holding that even absent a final judgment, a party cannot split claims); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 987 n. 1 (10th Cir.2002) (noting that motion to dismiss based on claim-splitting often cannot wait until final judgment in first-filed action, and, therefore, appropriate inquiry in claim-splitting context is whether, assuming first-filed suit were already final, second suit could be precluded pursuant to claim preclusion). "**A dismissal on this [claim-splitting] ground has been viewed as a matter of docket management, reviewed for abuse of discretion, even in decisions that with some exaggeration describe the theory 'as an aspect of res judicata.**' " 18 Wright, et al., *supra,* § 4406, at 30.

2009 WL 305874, at *5 (emphasis added in bold). This Court adopts the reasoning of the *Ameritox* court. 2009 WL 305874, at *5.

Here, Plaintiff has stated in the First Lawsuit that this Second Lawsuit, as anticipated, would be based on "identical facts." *Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 1-2. Indeed, this Second Lawsuit (i) involves the same Plaintiff; (ii) involves the same Defendants; and (iii) arises out of the same facts regarding employment—Sturns's separation from work at KSI—as those Sturns alleged and sought leave to assert in the First Lawsuit. (*Compare Sturns*, No. 3:21-cv-02307-L, ECF Nos. 1, 25, 34, *with* ECF Nos. 1, 10). As of August 26, 2022, Sturns had pleaded two lawsuits, which simultaneously alleged and involved the same subject matter against the same

defendants. (*Compare Sturns*, No. 3:21-cv-02307-L, ECF No. 1, *with* ECF No. 1); *see generally Gen. Land Off. v. Biden*, 71 F.4th 264, 269–70 (5th Cir. 2023) (discussing claim-splitting). Both pleadings further assert a "hostile work environment" claim—albeit based in different statutes. *Compare Sturns*, No. 3:21-cv-02307-L, ECF No. 1, *with* (ECF No. 1);[7] *see Sensormatic*, 273 F. App'x at 265. Sturns's request for extensions for an amended complaint in the First Lawsuit and her pleadings in this Second Lawsuit both involve the same Right to Sue Letter from the EEOC. *Compare Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 1-2, *with* (ECF No. 1 at 2; ECF No. 10 at 3).

Notwithstanding, the rule against claim-splitting "prevent[s] a plaintiff from filing a new lawsuit *after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit*." *Sensormatic*, 273 F. App'x at 265 (affirming dismissal based on claim-splitting grounds where "[plaintiff] sought to circumvent the *Sensormatic I* court's decision to deny [plaintiff's] motion for leave to file an amended complaint" when it "asserted the same claim in a new lawsuit, *Sensormatic II*, the day after the *Sensormatic I* court denied its motion for leave") (emphasis added in bold); *see Ameritox*, 2009 WL 305874, at *5 (collecting cases). On August 26, 2022—the exact day Sturns requested an extension to file her amended complaint in the First Lawsuit—Sturns filed this Second Lawsuit after Judge Lindsay had denied Sturns's request for leave of court (to file her amended complaint

---

[7] In the First Lawsuit, Sturns pleaded a hostile work environment claim based in 42 U.S.C. § 1981. (*Sturns*, No. 3:21-cv-02307-L, ECF No. 1 at 12-13. In the Second Lawsuit, Sturns pleaded hostile work environment claims based on Title VII and the TCHRA. (ECF No. 1 at 13-16). The Court recognizes some overlap may exist between such claim(s) under § 1981, Title VII, and the TCHRA. "When used as parallel causes of action, Title VII and section 1981 require the same proof to establish liability.... Similarly, the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 at n.2 (5th Cir. 1999); *see Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) ("The substantive law governing Title VII and TCHRA retaliation claims is identical.").

in the First Lawsuit). *Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 1-2. The Fifth Circuit has provided guidance in a similar situation:

> When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed. . . . This rule finds particular application where, as here, **the plaintiff files the second complaint to achieve procedural advantage by "circumventing the rules pertaining to the amendment of complaints**.

*Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (internal citation and quotation omitted) (emphasis added in bold). Judge Lindsay discussed this same type of "circumvention" in his October 13, 2022 order—specifically referring to this Second Lawsuit. *Sturns*, No. 3:21-cv-02307-L, ECF No. 34 at 3-5. As pleaded, Sturns's filing of this Second Lawsuit is the same "circumvention" anticipated in both *Friends of the Earth* and the First Lawsuit. *See Friends of the Earth*, 95 F.3d at 362; *Sturns*, No. 3:21-cv-02307-L, ECF Nos. 1, 25, 34. Furthermore, Sturns appears to pre-admit in the First Lawsuit that the filing of this Second Lawsuit is "an extreme waste of valuable judicial resources." *Sturns*, No. 3:21-cv-02307-L, ECF No. 25 at 2.

The Court must conclude that Sturns—in filing this Second Lawsuit—sought to circumvent the First Lawsuit proceeding before Judge Lindsay. For the reasons enumerated hereabove, the Court must conclude dismissal pursuant to the rule against claim-splitting is appropriate in this proceeding.[8] The Court concludes this action is barred by the rule against claim-splitting. The Court GRANTS Defendants' motion to dismiss.

---

[8] Defendants next argue that Sturns's claims for hostile work environment due to gender (claim 2), termination due to gender (claim 4), and intersectional discrimination (claim 5) all must be dismissed due to lack of jurisdiction for plaintiff's failure to exhaust administrative remedies. (ECF No. 15 at 6-7). As the Court has dismissed Sturns's claims due to claim-splitting, the Court pretermits any other discussion on her claims.

## IV. CONCLUSION

As concluded above, Sturns has engaged in impermissible claim-splitting. The Court DISMISSES Sturns's case without prejudice. A final judgment shall follow this memorandum opinion and order as to the same. Fed. R. Civ. P. 54; Fed R. Civ. P. 58.

**SO ORDERED.**

16th day of August, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE